LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs
and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ERNESTO CUANETL and FRANCISO HUERTERO, *on behalf of themselves, FLSA Collective Plaintiffs and the Class,*<br><br>Plaintiffs,<br><br>v.<br><br>CAFÉ H INC,<br>    d/b/a CASA ENRIQUE<br>ONE KID CORPORATION,<br>    d/b/a CAFÉ HENRI,<br>COSME AGUILAR, LUIS AGUILAR,<br>and WINSTON KULOK<br><br>Defendants. | Case No.:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT** |

Plaintiffs, ERNESTO CUANETL and FRANCISO HUERTERO ("Plaintiffs"), on behalf of themselves and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, CAFÉ H INC d/b/a CASA ENRIQUE, ONE KID CORPORATION d/b/a CAFÉ HENRI, (collectively, "Corporate Defendants"), COSME AGUILAR, LUIS AGUILAR, and WINSTON KULOK (collectively, "Individual Defendants," and together with Corporate Defendants, "Defendants"), and states as follows:

1

# INTRODUCTION

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that they and others similarly situated are entitled to recover from Defendants (1) unpaid wages, including overtime compensation, due to time shaving, (2) unpaid wages, including overtime compensation, due to invalid tip credit, (3) liquidated damages and (4) attorneys' fees and costs.

2. Plaintiffs further alleges, pursuant to the New York Labor Law ("NYLL"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime compensation, due to time shaving, (2) unpaid wages, including overtime compensation, due to invalid tip credit, (3) unpaid spread-of-hours premium, (4) liquidated damages, (5) statutory penalties and (6) attorneys' fees and costs.

# JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391.

# PARTIES

5. Plaintiff ERNESTO CUANETL is a resident of Queens County, New York.

6. Plaintiff FRANCISO HUERTERO is a resident of New York County, New York

7. Corporate Defendant CAFÉ H INC d/b/a CASA ENRIQUE is a domestic business corporation organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 5-48 49th Avenue, Long Island City, NY 11101.

8. Corporate Defendant ONE KID CORP. d/b/a CAFÉ HENRI is a domestic business corporation organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 1010 50th Avenue, Long Island City, NY 11101.

9. Individual Defendant WINSTON KULOK is an owner, principal, and chief executive officer of all Corporate Defendants and has operational control of Defendants' Restaurants. Individual Defendant exercises the power to (and also delegate to managers and supervisors the power to) (i) fire and hire employees, (ii) supervise and control employee work schedules, (iii) determine the rate and method of pay, (iv) maintain employment records, and (v) otherwise affect the quality, terms and conditions of employment for Plaintiffs, FLSA Collective Plaintiffs and Class Members at Defendants' Restaurants. Individual Defendant has authority over all employee-related decisions, including payroll, personnel, and wage and hour policies concerning Plaintiffs, FLSA Collective Plaintiffs and Class Members.

10. Individual Defendant COSME AGUILAR is a co-owner of Corporate Defendant CAFÉ H INC d/b/a CASA ENRIQUE and the Head Chef of ONE KID CORP. d/b/a CAFÉ HENRI and has operational control. Individual Defendant exercises the power to (and also delegate to managers and supervisors the power to) (i) fire and hire employees, (ii) supervise and control employee work schedules, (iii) determine the rate and method of pay, (iv) maintain employment records, and (v) otherwise affect the quality, terms and conditions of employment for Plaintiffs, FLSA Collective Plaintiffs and Class Members at Defendants' Restaurants. Individual Defendant has authority over all employee-related decisions, including payroll, personnel, and wage and hour policies concerning Plaintiffs, FLSA Collective Plaintiffs and Class Members.

11. Individual Defendant LUIS AGUILAR is a co-owner of Corporate Defendant CAFÉ H INC d/b/a CASA ENRIQUE and the General Manager of ONE KID CORP. d/b/a CAFÉ

HENRI and has operational control. Individual Defendant exercises the power to (and also delegate to managers and supervisors the power to) (i) fire and hire employees, (ii) supervise and control employee work schedules, (iii) determine the rate and method of pay, (iv) maintain employment records, and (v) otherwise affect the quality, terms and conditions of employment for Plaintiffs, FLSA Collective Plaintiffs and Class Members at Defendants' Restaurants. Individual Defendant has authority over all employee-related decisions, including payroll, personnel, and wage and hour policies concerning Plaintiffs, FLSA Collective Plaintiffs and Class Members.

12. At all times relevant to this action, Defendants owned and operated two restaurants as a single integrated enterprise in the state of New York. Defendants have owned and operated the Restaurants at the following locations in New York:

(a) Casa Enrique – 5-48 49th Avenue, Long Island City, NY 11101; and

(b) Café Henri – 1010 50th Avenue, Long Island City, NY 11101.

(collectively, "Defendants' Restaurants")

13. Defendants operate the above restaurants as a single integrated enterprise. Specifically, Defendants' Restaurants are engaged in related activities, share common ownership and have a common business purpose.

(a) Defendants′ Restaurants are engaged in the same business of operating restaurants in Long Island City.

(b) Defendants′ Restaurants are commonly owned and operated by Individual Defendant WINSTON KULOK.

(i) Individual Defendant WINSTON KULOK is listed as the principal for both Corporate Defendants. See **Exhibit A**; **Exhibit B**; **Exhibit C**.

(c) Defendant COSME AGUILAR is the co-owner and Executive Chef of Corporate Defendant CAFÉ H INC d/b/a CASA ENRIQUE and the head Chef at ONE KID CORP. d/b/a CAFÉ HENRI. **Exhibit D**; **Exhibit E**.

(d) Defendant LUIS AGUILAR is the co-owner of Corporate Defendant CAFÉ H INC d/b/a CASA ENRIQUE and the General Manager at ONE KID CORP. d/b/a CAFÉ HENRI. **Exhibit F**.

(e) Defendants' Restaurants maintain centralized labor relations and human resources and implement the same wage and hour policies and procedures established by Defendants.

(f) Defendants utilize one website to advertise both Restaurants. See **Exhibit G**. Both Restaurants webpages also contain links to the other Restaurants Web pages. **Exhibit H**.

(g) Corporate Defendants utilize Individual Defendant WINSTON KULOK's pet Maltese in both Restaurants logos. See **Exhibit C; Exhibit G**.

(h) Supplies are interchangeable among Defendants' Restaurants. See **Exhibit I**.

14. At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and NYLL and the regulations thereunder.

15. At all relevant times, the work performed by Plaintiffs, FLSA Collective Plaintiffs and Class Members was directly essential to the business operated by Defendants.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

16. Plaintiffs brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including bussers, porters,

servers, hosts, cooks, line cooks, food preparers, bartenders, barbacks, dishwashers, and delivery persons) employed by Defendants at Defendants' Restaurants on or after the date that is six (6) years before the filing of the Complaint ("FLSA Collective Plaintiffs").

17. At all relevant times, Plaintiffs and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them their lawful wages for all hours worked, including those in excess of forty (40) hours per workweek. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs. Furthermore, there exists a subclass of FLSA Collective Plaintiffs that have claims as to unpaid minimum wage and overtime due to an invalid tip credit. Plaintiffs are members of both the FLSA Collective and the Subclass of FLSA Collective Plaintiffs.

18. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

19. Plaintiffs brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees (including bussers, porters, servers, hosts, cooks, line cooks, food preparers, bartenders, barbacks, dishwashers, and delivery persons) employed by Defendants at Defendants' Restaurants on or after the date that is six (6) years before the filing of the Complaint (the "Class" or "Class Members").

20. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

21. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees ("Tipped Subclass") who also number more than forty (40). Plaintiffs are members of both the Class and the Tipped Subclass.

22. Plaintiffs' claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All Class Members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay them their wages for all hours worked, including those worked in excess of forty (40) per workweek, due to Defendants' policy of time-shaving, (ii) failing to provide proper wage statements per requirements of the New York Labor Law, and (iv) failing to provide wage and hour notices per requirements of the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each

Class Member. Plaintiffs and Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

23. With regard to Plaintiffs ERNESTO CUANETL and FRANCISO HUERTERO, and the Tipped Subclass, Defendants also failed to pay the proper minimum wage and overtime because Defendants were not entitled to claim any tip credit because they failed to meet statutory requirements under the New York Labor Law. Plaintiff and the Tipped Subclass suffered from Defendants' failure to pay minimum wage and their proper overtime due to Defendants' invalid tip credit allowance because Defendants (i) failed to properly provide tip credit notice at hiring and annually thereafter, (ii) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding 20% of the total hours worked each workweek, (iii) failed to provide proper wage statements clearly indicating tip credit allowance for each payment period, and (iv) failed to accurately keep track of daily tips earned and maintain records thereof.

24. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

25. Plaintiffs are able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

26. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where

individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

27. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

28. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiffs and the Class Members within the meaning of the NYLL;

    b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiffs and the Class Members properly;

    c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiffs and the Class Members for their work;

    d) Whether Defendants properly notified Plaintiffs and the Class Members of their regular hourly rate and overtime rate;

    e) Whether Defendants paid Plaintiffs and the Class Members the statutory minimum wage;

    f) Whether Defendants paid Plaintiffs and the Class Members overtime wages at a proper rate that is at least one-and-one-half times the regular rate of pay;

    g) Whether Defendants properly provided notice to all tipped employees that Defendants were taking a tip credit;

    h) Whether Defendants accurately tracked the amounts of tips earned each day and maintained records thereof;

    i) Whether Defendants caused tipped employees to engage in non-tipped duties exceeding 20% of each workweek;

j) Whether Defendants took the proper amount of tip credit allowance for each payment period under the New York Labor Law;

k) Whether Defendants provided wage statements informing (i) tipped employees of the amount of tip credit taken for each payment period, and (ii) all non-exempt employees of information required to be provided on wage statements under the NYLL; and

l) Whether Defendants provided wage and hour notices to Plaintiffs and the Class Members per requirements of the NYLL.

## STATEMENT OF FACTS

29. Plaintiff ERNESTO CUANETL

   (a) From in or about May 2018 to January 2020, Plaintiff ERNESTO CUANETL was employed by Defendants to work as a food runner at Defendants' Casa Enrique Restaurant, located at 5-48 49th Avenue, Long Island City NY, 11101. Although Plaintiff worked primarily at Defendants Casa Enrique Restaurant, Plaintiff also worked at Cafe Henri at 1010 50th Avenue, Long Island City, NY 11101, on an as needed basis.

   (b) Throughout his employment, Plaintiff ERNESTO CUANETL was scheduled to work five (5) days per week, from 4:00 p.m. to 12:00 a.m., for a total of forty (40) hours per week.

   (c) Throughout his employment, Plaintiff ERNESTO CUANETL was paid at a tipped hourly rate of ten ($10) dollars per hour.

   (d) Throughout his employment, Plaintiff ERNESTO CUANETL was not properly compensated for all the hours he worked due to Defendants' policy of time-

shaving. Specifically, Plaintiff was required to come into work approximately thirty (30) minutes early and stay approximately thirty (30) minutes past his shift to perform non-tipped acts such as, preparing sauces, polishing silverware and glassware, sweeping and mopping the restaurant, and taking out the garbage, on top of the non-tipped activities occurring during his scheduled shifts. As a result, Plaintiff was time-shaved approximately five (5) hours per week.

(e) Throughout his employment, Plaintiff ERNESTO CUANETL occasionally worked days of ten (10) or more hours. However, on those days that Plaintiff worked over ten (10) hours, Defendants failed to provide Plaintiff his spread of hours compensation.

30. Plaintiff FRANCISO HUERTERO

(a) From in or about March 2019 to November 2019, Plaintiff FRANCISO HUERTERO was employed by Defendants to work as a Food Runner at Defendants Casa Enrique Restaurant, located at 5-48 49th Avenue, Long Island City NY, 11101. Although Plaintiff worked primarily at Defendants Casa Enrique Restaurant, Plaintiff also worked at Cafe Henri on an as needed basis.

(b) Throughout his employment, Plaintiff FRANCISO HUERTERO was scheduled to work three (3) days per week, from 4:00 p.m. to 12:00 a.m., and two (2) days per week from 9:00 a.m. to 1:30 a.m. for a total of fifty-seven (57) hours per week.

(c) Throughout his employment, Plaintiff was paid at a tipped hourly rate of fourteen ($14) dollars per hour.

(d) Throughout his employment, Plaintiff FRANCISO HUERTERO was not properly compensated for all the hours he worked due to Defendants' policy of time-

shaving. Specifically, Plaintiff was required to come into work approximately thirty (30) minutes early and stay approximately thirty (30) to sixty (60) minutes past his shift to perform non-tipped acts such as, preparing sauces, cutting paper, polishing silverware and glassware, sweeping and mopping the restaurant, sweeping the sidewalk, taking out the garbage, and making juices, on top of the non-tipped activities occurring during their scheduled shifts. As a result, Plaintiff was time-shaved approximately five (5) to seven and a half (7.5) hours per week.

(e) Throughout his employment, Plaintiff FRANCISO HUERTERO was required to work days of ten (10) or more hours. However, on those days that Plaintiff worked over ten (10) hours, Defendants failed to provide Plaintiff his spread of hours compensation.

31. Throughout their employment, Plaintiffs, a subclass of FLSA Collective Plaintiffs, and the Tipped Subclass were paid below the minimum wage at an invalid "tip credit" minimum wage. With respect to Plaintiffs, a subclass of FLSA Collective Plaintiffs, and the Tipped Subclass, Defendants were not entitled to claim any tip credit allowance under the FLSA or NYLL because Defendants (i) failed to properly provide tip credit notice at hiring and annually thereafter, (ii) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding 20% of the total hours worked each workweek, (iii) failed to provide proper wage statements clearly indicating tip credit allowance for each payment period, and (iv) failed to accurately keep track of daily tips earned and maintain records thereof.

32. Plaintiffs, a subclass of FLSA Collective Plaintiffs, and the Tipped Subclass were required to engage more than 20% of their working time in non-tipped related activities, including cleaning the restaurant, polishing glassware and silverware, sweeping and mopping the restaurant,

13

preparing sauces for service, and taking out the garbage. Even though Defendants required tipped employees to engage in non-tipped activities for hours exceeding 20% of the total hours worked each workweek, Defendants improperly claimed tip credit for all hours worked by tipped employees.

33. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs, FLSA Collective Plaintiffs and Class Members their proper wages for all hours worked, including those in excess of forty (40) per workweek, due to Defendants' policy of time-shaving, in violation of the FLSA and NYLL.

34. Defendants knowingly and willfully operated their business with a policy of not paying the proper New York State minimum wage to and the proper overtime rate thereof for hours worked over forty (40) in a workweek, to Plaintiffs, a subclass of FLSA Collective Plaintiffs, and Tipped Subclass members, in violation of the FLSA and NYLL. Defendants were not entitled to claim any tip credits under the FLSA or the NYLL.

35. Defendants knowingly and willfully operated their business with a policy of not paying the spread of hours premium to Plaintiffs and Class Members for each workday exceeding ten (10) hours, in violation of the NYLL.

36. Defendants failed to provide Plaintiffs and the Class members with proper wage notices at hiring and annually thereafter. Plaintiffs and Class members did not receive proper wage notices either upon being hired or annually since the date of hiring in violation of the New York Labor Law.

37. Plaintiffs and Class members received wage statements that were not in compliance with the New York Labor Law. Defendants were required to provide itemized listings of deductions taken on a wage statement with every payment of wages. Defendants failed to satisfy

the requirements under the NYLL because the wage statements did not clearly include tip credit allowance for each payment period. Plaintiffs and Class members also received fraudulent wage statements that failed to accurately reflect the number of hours worked and their proper compensation, including tips illegally withheld from Plaintiff and Class members.

38. Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiffs, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

39. Plaintiffs reallege and reaver Paragraphs 1 through 38 of this Class and Collective Action Complaint as if fully set forth herein.

40. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

41. At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

42. At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

43. At all relevant times, Defendants had a policy and practice of failing to pay Plaintiffs and FLSA Collective Plaintiffs their proper wages for all hours worked, including those in excess of forty (40) per workweek, due to Defendants' policy of time-shaving.

44. At all relevant times, Defendants had a policy and practice of failing to pay Plaintiffs and a subclass FLSA Collective Plaintiffs their proper wages for all hours worked, including those in excess of forty (40) per workweek, due to Defendants' invalid tip credit.

45. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

46. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all hours worked, including overtime hours, when Defendants knew or should have known such was due.

47. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

48. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

49. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wage and overtime wages, plus an equal amount as liquidated damages.

50. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

51. Plaintiff realleges and reavers Paragraphs 1 through 50 of this Class and Collective Action Complaint as if fully set forth herein.

52. At all relevant times, Plaintiff and Class Members were employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

53. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them proper wages in the lawful amount for hours worked due to time-shaving.

54. Defendants willfully violated Plaintiff's and Tipped Subclass members' rights by failing to pay them the proper minimum wage and overtime as Defendants were not entitled to claim any tip credits.

55. Defendants willfully violated Plaintiff and the Class members' rights by instituting an illegal tip-pooling scheme in which Class members were required to share tips with management. In doing so, Defendants willfully deprived Plaintiffs and Class members of their lawfully earned wages.

56. Defendants willfully violated Plaintiff and the Class members' rights by failing to pay them their spread of hours premiums as required under the NYLL.

57. Defendants knowingly and willfully failed to provide proper wage statements to Plaintiff and Class Members as required under the New York Labor Law. Defendants are required to provide itemized listings of deductions taken on each wage statement. Defendants failed to satisfy the requirements under the NYLL because such tip credit allowance was never clearly included in wage statements to tipped employees for each payment period. Defendants also provided fraudulent wage statements that failed to accurately reflect the number of hours worked

and their proper compensation, including tips illegally withheld from Plaintiffs and Class members.

58. Defendants knowingly and willfully failed to provide proper wage and hour notices to Plaintiff and Class Members as required under the New York Labor Law.

59. Due to the Defendants' New York Labor Law violations, Plaintiff and Class Members are entitled to recover from Defendants unpaid wages due to time-shaving, unpaid wages due to an invalid tip credit, unpaid spread of hours premium, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of himself, FLSA Collective Plaintiffs and Class Members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid wages due under the FLSA and NYLL due to Defendants' policy of time-shaving;

d. An award of unpaid wages due under the FLSA and the NYLL due to Defendants' claiming an invalid tip credit;

e. An award of unpaid spread of hours premium due under the NYLL;

18

f. An award of statutory penalties as a result of Defendants' failure to comply with the NYLL wage notice and wage statement requirements;

g. An award of liquidated damages as a result of Defendants' willful failure to pay the proper overtime wages and minimum wages, pursuant to the FLSA;

h. An award of liquidated damages as a result of Defendants' willful failure to pay the proper overtime wages, minimum wage, and spread of hours premium, pursuant to the NYLL;

i. An award of pre-judgment and post-judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees;

j. Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

k. Designation of this action as a class action pursuant to F.R.C.P. 23;

l. Designation of Plaintiffs as Representatives of the Class; and

m. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demands trial by jury on all issues so triable as of right by jury.

Dated: August 2, 2021                               Respectfully submitted,

By: */s/ C.K. Lee*
C.K. Lee, Esq.

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181

*Attorneys for Plaintiffs, FLSA Collective Plaintiffs and the Class*