UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ERNESTO CUANETL and FRANCISCO
HUERTERO, *on behalf of themselves and others
similarly situated*,

                Plaintiffs,

   -against-

CAFÉ H INC. d/b/a CASA ENRIQUE, ONE
KID CORPORATION d/b/a CAFÉ HENRI,
COSME AGUILAR, LUIS AGUILAR, and
WINSTON KULOK,

                Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
21-cv-4316 (CBA) (CLP)

**AMON, United States District Judge:**

On August 2, 2021, Plaintiffs Ernesto Cuanetl ("Cuanetl") and Francisco Huertero ("Huertero") (collectively, "Plaintiffs") commenced this collective action against Café H Inc. d/b/a Casa Enrique ("Casa Enrique"), One Kid Corporation d/b/a Café Henri ("Café Henri"), Cosme Aguilar, Luis Aguilar, and Winston Kulok (collectively, "Defendants"), seeking compensation for unpaid minimum and overtime wages, spread-of-hours premiums, liquidated damages, interest, and attorney's fees and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New York Labor Law ("NYLL"). (ECF Docket Entry ("D.E.") # 1.)

On December 2, 2021, the Clerk of Court entered a default against all Defendants. (D.E. # 18.) On December 23, 2021, Plaintiffs moved for entry of a default judgment against all Defendants. (D.E. # 19.) I referred that motion to the Honorable Cheryl L. Pollak, United States Chief Magistrate Judge, for report and recommendation ("R&R"). On August 9, 2022, Magistrate Judge Pollak issued an R&R recommending that the motion for default judgment be granted. (D.E. # 24 (the "R&R").) Specifically, Magistrate Judge Pollak recommended that Defendants be found

1

jointly and severally liable for violations of various wage provisions of the FLSA and NYLL, and the notice and wage statement provisions of the Wage Theft Prevention Act. (R&R at 5-10.) Magistrate Judge Pollak also conducted an independent inquiry to determine the sum of damages and liquidated damages, (see id. at 11-33), all of which she recommended be awarded under the NYLL, as opposed to the FLSA, (see id. at 32 n.9, n.10).

No party has objected to the R&R, and the time for doing so has passed. When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the report and recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)). I have reviewed the record, and finding no clear error, I adopt the R&R.

Accordingly, I grant Plaintiffs' motion for default judgment and award Plaintiffs $97,245.14 in damages as follows. Plaintiff Cuanetl is awarded a total of $59,332.32, consisting of: (1) $15,513.79 for unpaid minimum wages; (2) $8,554.37 for unpaid overtime wages; (3) $598 in spread-of-hours premiums; (4) $24,666.16 for liquidated damages; and (5) $10,000 for wage statement and notice penalties. Plaintiff Huertero is awarded a total of $37,912.82, consisting of: (1) $1,572 for unpaid minimum wages; (2) $11,205.41 for unpaid overtime wages; (3) $1,179 in spread-of-hours premiums; (4) $13,956.41 for liquidated damages; and (5) $10,000 for wage statement and notice penalties. Plaintiffs are also entitled to post-judgment interest, should it accrue. All Defendants are to be held jointly and severally liable for the judgment.

Finally, I also adopt the R&R's finding that Plaintiffs are entitled to pre-judgment interest and reasonable attorney's fees and costs, to be added onto the above total damage awards. (See R&R at 31-33.) The R&R recommended that I allow Plaintiffs 30 days from the filing of the R&R to supplement their default judgment motion with calculations detailing the additional amounts due, which would have amounted to a filing deadline of September 9, 2022. (See id. at 33.) Given the date of this order, I will instead permit Plaintiffs to file a new motion that calculates and evinces the prejudgment interest and attorney's fees and costs by September 16, 2022.

SO ORDERED.

Dated: September 8, 2022
Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge